Bron D'Angelo, Esq. (SBN 246819)
Sean N. Costa, Esq.(SBN 347439)
**BURGER | MEYER** LLP
999 Corporate Drive, Suite 220
Ladera Ranch, CA 92694
Telephone:   (949) 427-1888
Facsimile:   (949) 427-1889
Email:        bdangelo@burgermeyer.com
              scosta@burgermeyer.com

Attorneys for Defendant
WALMART STORES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE PRIETO,<br><br>                 Plaintiff,<br><br>         vs.<br><br>WALMART STORES, INC., and<br>DOES 1 to 20.<br><br>                 Defendants. | Case No.:  2:23-cv-02734-SVW-AFM<br>Hon. Stephen V. Wilson<br>Ctrm. 10A – First Street Courthouse<br><br>**[PROPOSED] ORDER ON<br>STIPULATED PROTECTIVE<br>ORDER**<br><br>Action Filed:      December 27, 2022<br>Trial Date:        September 12, 2023. |

        The following parties, JASMINE PRIETO ("Plaintiff") and WALMART

STORES, INC., ("WALMART"), by their undersigned counsel, have and hereby

stipulate and agree to entry of the following Stipulated Protective Order and to abide

by the following terms:

        WHEREAS, the Parties have propounded or will propound certain discovery

requests and initial disclosures including information which either Party considers to

be proprietary, confidential business records and/or trade secrets, or sensitive,

confidential or private information ("confidential documents and information"); and

        WHEREAS, the Parties have expressed a willingness to provide the

confidential documents and information which would be necessarily disclosed in

_____

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

complying with these discovery requests and initial disclosures, provided that the Court enter an appropriate protective order; and

WHEREAS, the parties have agreed to this;

The following procedure shall govern the production, use and disposal of the confidential documents and information:

1.      Designation of Confidential Documents and Information.  The Responding Party shall mark as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this order.  The document, things and information contained in them or gleaned from them shall only be used, shown and disclosed only as provided in this order.  The term "confidential documents and information" as used in this order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them.  The term shall also be construed to include any summaries, quotes, excerpts and/or paraphrases of the documents, things or information.  The designation shall be made in good faith and shall not be made with respect to any documents which is in the public domain, such as patents, or any other document which has previously been produced or disseminated without confidentiality protection.

2.      Access to Confidential Documents and Information by Qualified Persons.  This protective order is limited to the context of pre-trial civil discovery.  This protective order does not restrict dissemination of information if gained from other public sources outside of pre-trial civil discovery.  Accordingly, access to confidential documents and other materials, any parts thereof, any summaries or extracts thereof, as well as matters contained therein which are produced or obtained exclusively through pre-trial discovery shall be limited to the following "qualified persons."  The following persons are automatically deemed "qualified person:"

a.      This Court and its employees;

b.      The jurors;

c.    Counsel of record for the parties to this lawsuit

d.    Those paralegals, stenographic and clerical employees who are employed by and assisting counsel of record

e.    The parties of record and their officers, directors, employees, counsel of record and insures to the extent necessary to assist in preparing for discovery, depositions, resolution, or for trial, who are otherwise assisting in this litigation;

f.    Deposition witnesses;

g.    Witnesses called at trial;

h.    Any mediator who is assigned/chosen to hear this matter, and his/her staff, subject to their agreement to maintain confidentiality to the same degree as required by this stipulation; and

i.    Any expert or consultant who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case, to the extent necessary to assist in litigation, and who has signed a written certification in the form set as Exhibit "A"; provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

i.    Who is an employee of a direct business competitor of the party producing the information; or

ii.    Who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

Counsel of record shall maintain such certifications for all designated experts, and shall provide copies of the certifications upon demand to counsel for any opposing party. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party.

3. <u>Jurisdiction Over Qualified Persons.</u>  Each qualified person is subject to the jurisdiction of this court for purposes of enforcement of this order.  Counsel of record are responsible for ensuring that their employees and any experts they retain comply strictly with this order.  Violation by an employee of counsel or by an expert retained by counsel shall be deemed a violation by counsel.

4. <u>Challenges to Claims of Confidentiality.</u>  If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, he may file a motion to change the designation.  As per *Stadish v. Superior Court* (1999) 71 Cal.App.4th 1130, the motion to change the designation shall provide notice and an opportunity for the proponent of confidentiality to respond.  The burden is placed on the proponent of confidentiality to demonstrate good cause.  The documents and information shall remain confidential until their status is changed by stipulation or order.

5. <u>Use of Confidential Documents and Information Generally.</u>  Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose.  No qualified person who gains access to the confidential documents, things and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

6. <u>Use of Confidential Documents and Information in this Lawsuit.</u>  Confidential documents, things and information may be used at trial or at depositions, in accordance with the following safeguards: if confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such confidential documents, things or information shall themselves be considered as confidential documents.  The party introducing such confidential documents, things and information shall ensure that the court report binds the confidential portions of the

BURGER | MEYER LLP

transcript and exhibits separately and labels them "confidential."  In addition, each deponent is ordered that he may not divulge any confidential documents, things or information except to qualified persons.

7.     Filing and Sealing.  When a party files confidential documents, things and information, including confidential portions or any transcript, he/she shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the title of this action and a statement substantially in the following form:

**Provisionally "Filed Under Seal Pursuant to Protective Order."**

The envelop or container shall not be opened or released to anyone other than qualified persons without further order of the court.

8.     Disposal at the Conclusion of this Action.  At the conclusion of this action, all confidential documents, things and information, and all copies thereof, shall be returned to the counsel for the producing Party within thirty (30) days.

9.     Amendments.  Nothing in this order will prejudice either party form seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

10.     Execution.  Facsimile copies of signature pages may be used as originals and this Stipulated Protective Order may be executed in counterparts with the same full force and effect.  This Stipulation and Protective Order consists of eight (8) pages inclusive of a single-page exhibit, and is executed on the date set below.

**STIPULATED PROTETIVE ORDER**

**AGREED AND STIPULATED:**

Dated: June 1, 2023                    MOADDEL KREMER & GEROME LLP

_____
Brent Gerome, Esq.
Carl Kremer, Esq.
Attorneys for Plaintiff
JASMINE PRIETO

Dated: June 1, 2023                    **BURGER | MEYER** LLP

_____
     /s/ Sean N. Costa
Bron E. D'Angelo, Esq.
Sean N. Costa, Esq.
Attorneys for Defendant
WALMART STORES, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 6/21/2023
_____
Hon. Alexander F. MacKinnon
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**Jasmine Prieto v. Walmart Stores, Inc.**

**United States District Court Central District of California Case No. 2:23-cv-02734-SVW-AFM**

I, _____, [print or type name] am employed by _____

I am:

_____    a.    A party to this action.

_____    b.    Counsel for _____.

_____    c.    Employed by _____.

_____    d.    I have been retained by counsel for _____.

My present occupation or job description is: _____

_____

_____

_____

I hereby acknowledge that I have received and read a copy of the Protective Order entered in this action in the United States District Court Central District of California, Case No. 2:23-cv-02734-SVW-AFM, and I understand the limitations this Protective Order imposes upon the use, disclosure, and the eventual return and/or destruction of information designated as "confidential litigation materials." I further understand that any unauthorized use and disclosure of any confidential litigation materials shall constitute contempt of Court, and I hereby consent to the personal jurisdiction of the United States District Court Central District of California in connection with any use or disclosure of confidential litigation materials. I agree to be bound by all the terms of such Protective Order.

Dated: _____          Signed: _____